| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

No. 2017L008563
CALENDAR/ROOM F
TIME 00:00
Premises Liability

Kirk Flakes
(Name all parties)
v.
Target Corporation

CT Corporation System
208 S LaSalle St Suite 814
Chicago, IL 60604

◉ SUMMONS  ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41535
Name: THE VRDOLYAK LAW GROUP, LLC.
Atty. for: PLAINTIFF
Address: 741 N. DEARBORN STREET
City/State/Zip: CHICAGO, IL 60654
Telephone: 312-482-8200

WITNESS, DOROTHY BROWN
CLERK OF CIRCUIT COURT

AUG 2 4 2017

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT B

8/30/2017 12:00:00 AM     000191319G0001     6020170830004964



DIE DATE
09/15/2017

DOC.TYPE: LAW
CASE NUMBER: 17L008563
DEFENDANT
TARGET CORP
208 S LASALLE ST
CHICAGO, IL 60604
814

SERVICE INF
RM 801 R/A

ATTACHED

8/30/2017 12:00:00 AM       000191319G0001       6020170830004964

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

2017L008563
CALENDAR/ROOM F
TIME 00:00
No. Premises Liability

_Kirk Flakes_
(Name all parties)
v.
_Target Corporation_

CT Corporation System
208 S LaSalle St Suite 814
Chicago, IL 60604

● SUMMONS   ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41535
Name: THE VRDOLYAK LAW GROUP, LLC.
Atty. for: PLAINTIFF
Address: 741 N. DEARBORN STREET
City/State/Zip: CHICAGO, IL 60654
Telephone: 312-482-8200

WITNESS, DOROTHY BROWN
CLERK OF CIRCUIT COURT
AUG 24 2017

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



DIE DATE
09/15/2017

DOC.TYPE: LAW
CASE NUMBER: 17L008563
DEFENDANT
TARGET CORP
208 S LASALLE ST
CHICAGO, IL 60604
814

SERVICE INF
RM 801 R/A

ATTACHED

31950:gv                                                                                    Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KIRK FLAKES, | ) | 2017L008563 |
| | ) | CALENDAR/ROOM F |
| Plaintiff, | ) No. | TIME 00:00 |
| | ) | Premises Liability |
| vs. | ) | |
| | ) | Amount: In excess of Fifty Thousand |
| | ) | Dollars ($50,000.00) plus cost of this suit |
| TARGET CORPORATION, a domestic | ) | |
| corporation, and TARGET STORE T-1488, a | ) | |
| domestic corporation; | ) | |
| | ) | |
| Defendants. | ) Return Date: | |

## COMPLAINT

NOW COMES the Plaintiff, KIRK FLAKES, by and through his attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, TARGET CORPORATION, a domestic corporation, and TARGET STORE T-1488, a domestic corporation, states as follows:

### COUNT I – KIRK FLAKES v. TARGET CORPORATION

1. That on or about September 9, 2015 and at all relevant times herein, the Defendant, TARGET CORPORATION, was a domestic corporation, organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain business, located at or near 8560 S. Cottage Grove, Chicago, Illinois 60619. (hereinafter "Premises")

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said business was, in fact, used

by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, KIRK FLAKES to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when he did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, TARGET CORPORATION, to wit: negligently maintained floor with spilled lotion caused Plaintiff to slip, fall, and be injured.

8. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the

Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, KIRK FLAKES, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, TARGET CORPORATION, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

(b) failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises in an open, defective condition for an unreasonable length of time;

(e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

(f) failed to warn plaintiff of the aforesaid unreasonable dangerous condition of said premises.

14. As a direct and proximate result of one or more of the aforesaid acts and/or

omissions of the Defendant, TARGET CORPORATION, Plaintiff, KIRK FLAKES, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, KIRK FLAKES, demands judgment against the Defendant, TARGET CORPORATION, a domestic corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT II – KIRK FLAKES v. TARGET STORE T-1488

1. That on or about September 9, 2015 and at all relevant times herein, the Defendant, TARGET STORE T-1488, was a domestic corporation, organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and control a certain premises, located at or near 8560 S. Cottage Grove, Chicago, Illinois 60619.

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, KIRK FLAKES to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and

place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, TARGET STORE T-1488, to wit: negligently maintained floor with spilled lotion caused Plaintiff to slip, fall, and be injured.

8. That the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, KIRK FLAKES, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties

proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, TARGET STORE T-1488, negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said Premises to be and remain in an unreasonably dangerous condition;

(b) negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises in an open, defective condition for an unreasonable length of time;

(e) failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at aid Premises;

(f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, TARGET STORE T-1488, Plaintiff, KIRK FLAKES, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, KIRK FLAKES, demands judgment against the Defendant, TARGET STORE T-1488, a domestic corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

                                                        Attorney for Plaintiff

THE VRDOLYAK LAW GROUP, LLC
By: Joseph M. Scrementi
Attorney for Plaintiff
741 N. Dearborn Street
Chicago, IL 60654
312-482-8200

RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does/ exceed Fifty Thousand Dollars ($50,000.00)

X _[signature]_