IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIRK FLAKES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TARGET CORPORATION,**<br><br>**Defendants**. | Case No. 17 cv 06957<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

On September 9, 2015, Plaintiff Kirk Flakes slipped and fell in a hair products aisle of a Target store. (Dkt. 37, pg. 1; Dkt. 40, pg. 3 ¶ 1) Flakes sued for damages in the Circuit Court of Cook County, under theories of premises liability and negligence. Defendant Target Corporation ("Target") removed the case based on diversity jurisdiction and has moved for summary judgment. For the reasons stated below, Defendant's motion for summary judgment [37] is denied.

## BACKGROUND

Plaintiff Kirk Flakes traversed the aisles of a Target store for about an hour and half before entering hair products aisle-27 and slipping on a substance that appeared to be white cream. (Dkt. 42, pg. 1 ¶ 7; pg. 4 ¶ 14) The substance came from a bottle of hair product called "Cantu." (*Id*. at pg. 10 ¶ 38) It is unclear how long the substance was on the ground before Plaintiff fell, and the parties dispute this point. Target claims the substance appeared to be wet and fresh, suggesting it could not

have been on the ground for long, while Plaintiff claims the product "did not look overly fresh" and "looked like it had been there a while." (*Id*. at pg. 11 ¶ 43; at pg. 12 ¶ 1)

There is no dispute that Target employees were unaware of the spilled product prior to Flakes' fall. (Dkt. 42, pg. 8 ¶ 7) No one had complained of the spill and there were no other accidents in that aisle. (*Id*.) About 15 minutes before Plaintiff's fall, Target employee Kelly Rufus had walked through aisle-27 with another customer and maintains that the floors looked clean at that time. (*Id*. at pg. 8 ¶ 38) Kelly Rufus also asserts that no other customers or Target employees came into the aisle while he was there or after he and his customer left. (*Id*. at pg. 9 ¶ 34) Plaintiff, however, claims to have seen Target employees stocking shelves in other aisles near the aisle where he fell. (*Id*. at pg. 13 ¶ 2) Kelly Rufus additionally testified that Cantu is typically stocked on a higher shelf, but on the date in question, the bottle was on a bottom shelf. (*Id*. at pg. 10 ¶ 38)

Plaintiff brought suit under theories of premises liability and negligence. Defendant Target now moves for summary judgement. Target argues that Flakes has failed to provide evidence that Defendant created the condition which caused the fall or that Target had constructive notice of the condition, and that *Donoho v. O'Connell's* notice exception does not apply. 13 Ill.2d 113, 122, 148 N.E.2d 434, 439 (1958). Flakes argues that he need not demonstrate constructive notice for his case to proceed to a

jury under *Donoho* and that, in the alternative, Target had constructive notice of the spilled substance.[1]

## **LEGAL STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine factual dispute exists when there is enough evidence that a reasonable jury could find in favor of the nonmoving party. *Whiting v. Wexford Health Sources*, Inc., 839 F.3d 658, 661 (7th Cir. 2016); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In construing the evidence and facts supported by the record in favor of the non-moving party, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted).

To survive a motion for summary judgment, the plaintiff need not prove his case; "he need only show that there is a genuine issue of material fact as to each element." *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) Summary judgment is proper, however, against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 323; *see also White*, 829 F.3d at 841 (summary judgment warranted where a reasonable juror could not find in favor

---

[1] Plaintiff does not allege that Target had actual notice of the spilled product. Accordingly, the only issue is whether Plaintiff needs to provide any evidence of constructive notice under *Donoho*, or whether Target had constructive notice of the spilled substance.

3

of the non-moving party "on the evidence submitted in support of and opposition to the motion for summary judgment") (internal citation omitted).

## DISCUSSION

**1. Local Rule 56.1 Issues**

As a preliminary matter, neither Defendant nor Plaintiff included a statement of fact section in their memoranda of law in support of the summary judgment motion or in opposition thereto, electing instead to leave it to the Court to sift through Defendant's Local Rule 56.1 statements, and the underlying exhibits, to determine the factual background and sequence of relevant events. Courts in this district have repeatedly informed litigants that a Local Rule 56.1 statement of facts is not a substitute for a statement of facts contained in a supporting memorandum of law. *See e.g., FirstMerit Bank, N.A. v. 2000 N. Ashland, LLC*, No. 12 C 572, 2014 U.S. Dist. LEXIS 159741, at *11 (N.D. Ill. 2014); *Condon v. City of Chicago*, No. 9 C 2641, 2011 U.S. Dist. LEXIS 131931, at *1 (N.D. Ill. 2011); *Cleveland v. Prairie State College*, 208 F. Supp. 2d 967, 972-73 (N.D. Ill. 2002); *Duchossois Industries, Inc. v. Crawford & Co.,* 99 C 3766, 2001 U.S. Dist. LEXIS 444, at *1 (N.D. Ill. 2001) ("The purpose of LR 56.1 statements [is] not intended to be substitutes for a statement of facts section of a memorandum of law. Rather, their purpose is to assist the court in identifying those material, uncontested facts in the record that entitle the movant to judgment."). The parties' failure to include a statement of fact section causes an undue burden on the Court to sift through mounds of paper to ferret out the material facts at issue.

In addition to a statement of fact section in a memorandum of law, litigants are required to provide the Court with a Local Rule 56.1 statement of material facts. "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012). Local Rule 56.1 requires a party seeking summary judgment to include with its motion "a statement of material facts as to which the … party contends there is no genuine issue and that entitle the … party to a judgment as a matter of law." Locale Rule 56.1(a)(3); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008). Each paragraph must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Counsel, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005).

Flakes does not cite to its Local Rule 56.1 Statement (Dkt. 40) in its Response Brief, and instead cites directly to the record, including several depositions. Courts in this district have repeatedly held that, in the memorandum of law filed in support of the summary judgment motion or in opposition thereto, parties should cite to specific Local Rule 56.1 statements of fact in support of their arguments, not to the record directly. *See e.g., FirstMerit Bank, N.A.*, 2014 U.S. Dist. LEXIS 159741, at *11 (N.D. Ill. 2014); *Morningware, Inc. v. Hearthware Home Products Inc.*, No. 9 C 4348, 2012 U.S. Dist. LEXIS 121333, at *3 (N.D. Ill. 2012); *LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1046 (N.D. Ill. 2011). Facts are to be set forth in properly submitted Local Rule 56.1 statements and cited thereto in a party's memorandum of

law. It is not the role of the Court to parse out the parties' exhibits to construct undisputed facts. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (Judges are not "like pigs, hunting for truffles buried in briefs"). It is not the Court's job to sift through the record to determine whether there is sufficient undisputed evidence to support a party's claim or defense as a matter of law. *Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job… to make it easy for the Court to rule in his client's favor." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006).

The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015). While Defendant argues that Plaintiff's Response should be stricken, and while some courts exercise their discretion to strike facts that fail to conform to Local Rule 56.1, this Court declines to do so. The Court will consider Plaintiff's facts in his Response, despite Plaintiff's failure to comply with Local Rule 56.1.

## 2. Negligence and Premises Liability

Illinois law governs the extent of Target's liability in this diversity action. To state a claim for negligence under Illinois law, plaintiffs are required to present sufficient factual evidence showing that the defendant owed the plaintiff a duty, the defendant breached that duty, and the defendant's breach was the proximate cause of the plaintiff's injury. *See Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12, 386 Ill. Dec. 765, 21 N.E.3d 684. Property owners owe a duty to their business invitees to

maintain the premises in a reasonably safe condition. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citing Illinois law). A business owner breaches its duty to a business invitee who slips on a foreign substance on the premises if: (1) the substance was placed there by the negligence of the owner or its employees; (2) the owner or its employees knew of its presence; or (3) the owner or its employees had constructive notice of the substance because it was there for a "sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered." *Olinger v. Great Atlantic & Pacific Tea Co.*, 21 Ill. 2d 469, 474, 173 N.E.2d 443 (1961); *see also Pavlik v. Wal-Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063, 753 N.E.2d 1007, 257 Ill. Dec. 381. Absent the owner's actual or constructive knowledge of the dangerous or defective condition on the premises, there is no premises liability. *Barrios v. Fashion Gallery, Inc.,* 255 F. Supp. 3d 728, 731 (N.D. Ill. 2017); *Hanna v. Creative Designers, Inc.,* 2016 IL App (1st) 143727, 407 Ill. Dec. 604, 63 N.E.3d 1036, 1046 (1st Dec. 2016); *Tomczak v. Planetsphere, Inc.*, 315 Ill. App. 3d 1033, 1038, 735 N.E.2d 662, 666, 249 Ill. Dec. 58 (1st Dist. 2000).

But a plaintiff does not have to prove actual or constructive notice when he can show that the dangerous condition was placed on the premises through the defendant's negligence. *Donoho v. O'Connell's, Inc.*, 13 Ill. 2d 113, 148 N.E.2d 434 (Ill. 1958); *Reed v. Wal-Mart Stores,* 298 Ill. App. 3d 712, 700 N.E.2d 212, 233 Ill. Dec. 111 (Ill. App. Ct. 1998). In *Donoho*, the Illinois Supreme Court stated:

> [w]here [ ] in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant,

> from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice.

*Donoho*, 148 N.E.2d at 439.[2] In *Reed*, the Court explained that this exception applies when a plaintiff (1) shows that the object is sold by the defendant or related to the defendant's business; and (2) offers some slight evidence that the defendant or his employees, rather than a customer, placed the object on the floor. 700 N.E.2d at 214. Flakes argues that he has presented sufficient circumstantial evidence to satisfy the *Donoho* standard. (Dkt. 39 at 3-5)

The Court agrees with Flakes that he need not demonstrate constructive notice in order for his case to proceed to a jury, and that Flakes has satisfied the *Donoho* standard. Flakes has met the first prong by demonstrating that the spilled product, a bottle of Cantu, is a product sold and stocked by Defendant Target and its employees. (Dkt. 39 at 4) Plaintiff has also provided "slight" evidence from which it could be inferred that Target employees placed the object on the floor or caused it to fall. Testimony from two of Target's employees, Clevitta Scott and Kelly Rufus, offers evidence about the location of the product. Their depositions indicate that Cantu is

---

[2] In *Donoho*, the plaintiff slipped and fell on a "piece of partly smashed grilled onion" when she walked past a table at the defendant's restaurant. 113 Ill. 2d at 116. Although there was no direct evidence as to how the grilled onion got onto the floor, the plaintiff presented circumstantial evidence that other customers had eaten hamburgers at the table while plaintiff was in the restaurant, that the table was cleaned about 15 minutes before the plaintiff's fall by a busboy whose cleaning practices sometimes caused food particles to fall to the floor, and that no one else had eaten there or was in the area from the time the busboy cleaned the table until the plaintiff fell. *Id.* at 124-25. The Illinois Supreme Court found that the issue of whether the onion was on the floor through the act of one of the defendant's employees presented a jury question.

usually stocked in the aisle where Plaintiff fell. (*Id*.) Kelly Rufus' testimony also revealed that Cantu is typically stocked on a higher shelf (usually the third or fourth shelf), but on the date in question, it was on the bottom shelf. (*Id*.; Dkt. 39, Ex. C, pg. 61 ¶ line 11-14).

Additionally, Plaintiff's own testimony, combined with the testimony of Kelly Rufus, suggests that no customers were in the area within 15 minutes of Plaintiff's fall. (Dkt. 39 at 5) Kelly Rufus testified that he helped a customer look for hair gel 15 minutes prior to the fall and that no other customers or Target employees came into the aisle while he was there or after he and the customer left. (*Id*.) At his deposition, Plaintiff testified that he saw Target employees in the vicinity of aisle-27 and witnessed several employees stocking shelves in nearby aisles. (*Id*.) In sum, Plaintiff has presented evidence that 1) the bottle of Cantu was not in its correct place, as it was usually stocked on a higher shelf; 2) Target employees were stocking products nearby; and 3) there were no customers in the aisle immediately before Plaintiff's fall. The combination of these facts, Plaintiff argues, provides "slight" circumstantial evidence that Target employees, rather than a customer, stocked the bottle incorrectly which caused the Cantu bottle to fall and spill. (*Id*. at 5)

Defendant counters that many of these facts are disputed and contradicted by conflicting testimony, and notes that three of Target's employees explicitly testified that Target employees were not responsible for the spilled product. (Dkt. 41 at 3-5) However, Plaintiff need not provide conclusive evidence of Target's negligence. That "is simply not the test under *Donoho*." *Pollak-Becker v. Kmart Stores of Ill., LLC,* 2018

IL App (2d) 170979-U, 2018 Ill. App. Unpub. LEXIS 1371 (Ill. App. Ct. 2d Dist. August 16, 2018). In order to proceed to a jury, Plaintiff need only provide slight circumstantial evidence in his favor. *Donoho*, 148 N.E.2d at 439. Viewing the evidence in the light most favorable to Plaintiff, as we must at this stage, the Court finds that Flakes has sufficiently demonstrated that his case falls within the *Donoho* exception and that Flakes' claim should proceed to a jury. *See also Mraz v. Jewel Tea Co.,* 121 Ill. App. 24 209. 220-21, 257 N.E.2d 548 (1970). Flakes has presented sufficient circumstantial evidence to create a question of fact as to whether Defendant Target caused the product to be on the floor due to the negligence of one of its employees.

Given the Court's holding here, there is no need to address the issue of constructive notice. *Dvorak v. Target Corp.*, No. 16 C 8773, 2019 U.S. Dist. LEXIS 86521, at * 17 (N.D. Ill 2019); *see also Reed,* 298 Ill. App. 3d at 716. Defendant's motion for summary judgment is denied.

## CONCLUSION

For the reasons stated above, the Court denies Defendant's motion for summary judgment [37].

E N T E R:

Dated: December 18, 2019

*Mary M Rowland*

———————————————
MARY M. ROWLAND
United States District Judge